United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 19-20544-Scola |
| | ) | |
| Roxana Serpa, Defendant. | ) | |

## Order Denying Motion for Compassionate Release

Before the Court is Defendant Roxana Serpa's motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court has also considered the Government's response to that motion. (ECF No. 70.) Serpa has not replied and the time to do so has passed. For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 68**).

In August 2019, Serpa was indicted for conspiring to defraud the United States and receive healthcare kickbacks, in violation of 18 U.S.C. § 371 (count one), and for receiving healthcare kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B) (count two). (ECF No. 25.) Two months later, in October 2019, Serpa pleaded guilty to count one. Although her guideline range was twenty-four to thirty months, the Court sentenced Serpa, in January 2020, to eighteen months' imprisonment, followed by three years of supervised release. After seeking and receiving multiple continuances to her surrender date, Serpa finally began serving her sentence on October 22, 2021. Serpa has, therefore, by now, served about a third of her sentence.

The Government does not dispute that Serpa exhausted her administrative remedies. Nonetheless, as set forth below, the Court finds release according to 18 U.S.C. § 3582(c)(1)(A)(i) is not appropriate in this case for the following reasons.

To begin with, Serpa has not met her burden of showing "extraordinary and compelling reasons" supporting her release. If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65. Although Serpa says she is diabetic, asthmatic, and hypertensive, she is only forty-four and does not complain that her ailments are untreated or uncontrolled. Even more importantly, however, any concerns Serpa has about contracting COVID-19, in relation to these ailments, or becoming seriously ill should she contract COVID-19, while in BOP custody, are severely diminished by virtue of the fact that she has been fully vaccinated. Accordingly, the Court

finds Serpa has not identified a medical condition that renders her at a particularly high risk of severe illness from COVID-19.

Nor do Serpa's recurring genital MRSA abscesses qualify as an extraordinary or compelling circumstance. Serpa has not established that this condition is the type of serious physical or medical issue that substantially diminishes her ability to provide selfcare within the environment of a correctional facility. Nor has she shown that it is the type of condition from which she is not expected to recover, as contemplated by the First Step Act. Further, the record reflects that, in December 2021, Serpa was provided antibiotics to combat her infection and, in her most recent clinical visits, her treatment notes indicate she has not mentioned a recurrence. Accordingly, the Court does not find that this condition qualifies as a circumstance warranting immediate release. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for a defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Additionally, even if Serpa had shown extraordinary and compelling reasons in favor of her release, she did not demonstrate that the § 3553 factors weigh in her favor. As part of its analysis under the First Step Act, the Court must consider the 3553(a) factors "as applicable." *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

At the time of her sentencing, the Court carefully considered the nature and circumstances of the offense and Serpa's history and characteristics, along with the need to ensure adequate punishment, deterrence, and community protection. Based on this evaluation, the Court sentenced Serpa to eighteen months' imprisonment—six months below the bottom of her guidelines range—for a serious healthcare fraud offense that resulted in the theft of nearly half a million dollars from the Medicare program. To date she has served only about a third of that sentence. Releasing Serpa only five months into her sentence would not adequately account for the severity of her crimes, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or properly avoid unwarranted sentencing disparities between defendants who have committed similar offenses. In short, the 3553(a) factors do not weigh in favor of Serpa's release.

Accordingly, the Court **denies** Serpa's motion for compassionate release

(**ECF No. 68**).

   **Done and ordered** at Miami, Florida, on April 8, 2022.

Robert N. Scola, Jr.
United States District Judge